UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN BEVEL,

    Plaintiff,

v.                                        Case No:  8:25-cv-02159-JLB-CPT

FEDERAL EMERGENCY
MANAGEMENT AGENCY,

    Defendant.
_____/

## ORDER

Plaintiff Brian Bevel sues Defendant Federal Emergency Management Agency ("FEMA") for breach of their insurance contract.  (Doc. 1-1 at 1–2).  FEMA removed the case to federal court (Doc. 1) and now moves to dismiss the case for lack of subject matter jurisdiction (Doc. 5).  Plaintiff failed to timely respond to the motion to dismiss, prompting the Court to order a response.  (Doc. 20).  Plaintiff has now responded (Doc. 21), and the Court uses its discretion to accept the late filing.  Upon careful review, FEMA's Motion to Dismiss (Doc. 5) is **GRANTED**, and Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

## BACKGROUND[1]

Plaintiff Brian Bevel entered an insurance contract with FEMA to insure his property in Longboat Key, Florida. (Doc. 1-1 at ¶¶ 2, 4–5; Doc. 5-1).[2] On September 26, 2024, that property was damaged. (Doc. 1-1 at ¶ 5). Mr. Bevel notified FEMA, and FEMA investigated the claim. (*Id.* at ¶¶ 6–7). FEMA failed to adjust the loss pursuant to the terms of Mr. Bevel's policy. (*Id.* at ¶ 7). By failing to do so, Mr. Bevel asserts that FEMA materially breached the insurance policy. (*Id.* at ¶ 8).

Mr. Bevel sued FEMA for breach of contract in Florida circuit court on May 6, 2025, claiming losses in excess of $50,000. (*See generally id.*). FEMA removed the case to federal court under 28 U.S.C. § 1442(a)(1). (*See* Doc. 1).

FEMA filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). (Doc. 5). FEMA argues that the Court lacks subject matter jurisdiction over Mr. Bevel's claim based on the doctrines of derivative jurisdiction and sovereign immunity. (*Id.*). As stated, Mr. Bevel failed to timely respond to the motion to dismiss. In Mr. Bevel's late response, which the Court uses its discretion to accept, he argues that this case should not be dismissed because it was FEMA

---

[1] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citation omitted). Accordingly, this background section relies on the facts recited in the Complaint. (*See* Doc. 1-1).

[2] The Court may consider a document attached to a motion to dismiss in ruling on such motion without converting it into one for summary judgment. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (holding that the court may consider a document attached to a motion to dismiss where the attached document is (1) central to plaintiff's claim and (2) undisputed).

that removed the case to federal court. (Doc. 21 at ¶ 4). Specifically, he argues that FEMA, in its notice of removal, demonstrated that the Court has subject matter jurisdiction under the National Flood Insurance Act and Standard Flood Insurance Policies, 42 U.S.C. §§ 4071 & 4072, and diversity jurisdiction, 28 U.S.C. § 1332. (*Id.*). In sum, Mr. Bevel argues that a dismissal would waste resources because he could refile the case in federal court. (*Id.* at 2–4).

## LEGAL STANDARD

Courts must "always address threshold jurisdictional issues first, since [a court] cannot reach questions that [it] never had jurisdiction to entertain." *Leedom Mgmt. Grp., Inc. v. Perlmutter*, 532 F. App'x 893, 895 (11th Cir. 2013) (citing *Boone v. Sec'y, Dep't Of Corr.*, 377 F.3d 1315, 1316 (11th Cir. 2004)). "Federal courts are of limited jurisdiction," and subject matter jurisdiction must be established before a case can proceed on the merits. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

Attacks on subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) are either facial or factual. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). Facial attacks "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1529 (quotation omitted). Factual attacks "challenge the existence of subject matter

jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." *Id.* (quotation omitted).

"[T]he burden to establish the existence of federal subject matter jurisdiction rests with the party bringing the claim. . . ." *Sweet Pea Marine, Ltd. V. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005). "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

## DISCUSSION

FEMA argues that the Court lacks subject matter jurisdiction over Mr. Bevel's claim under the doctrines of derivative jurisdiction and sovereign immunity. (Doc. 5 at 1). Specifically, FEMA argues that this case should be dismissed because the state court did not have subject matter jurisdiction over this case upon Mr. Bevel's state court filing. Therefore, upon removal, this Court also lacks jurisdiction. Upon careful review, the Court agrees with FEMA and grants its motion to dismiss.

The doctrine of derivative jurisdiction provides that the jurisdiction of a federal court over a removed case is "in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." *Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.*, 258 U.S. 377, 382 (1922)*; see also Reynolds v. Behrman Cap. IV L.P.*, 988 F.3d 1314, 1322

(11th Cir. 2021) (noting that the derivative jurisdiction doctrine applies only to subject matter jurisdiction, not to personal jurisdiction). Put simply, if the Florida state court did not initially have subject matter jurisdiction over Mr. Bevel's claim against FEMA, then the federal court does not have it either.

Here, Mr. Bevel's state-court complaint was based on breach of contract. (Doc. 1-1 at 2). The state court had no subject matter jurisdiction over his claim because 42 U.S.C. § 4072 provides the exclusive venue for this type of suit. Section 4072 vests "original *exclusive* jurisdiction" over section 4071's flood insurance claims in the United States district court within which the property was located. 42 U.S.C. § 4072 (emphasis added). Mr. Bevel's insurance policy was issued under section 4071. (*See* Doc. 5-1). Therefore, because Mr. Bevel initially brought his claim in Florida state court rather than federal court, as the statute requires, the doctrine of derivative jurisdiction prevents this Court from having subject matter jurisdiction over the case upon removal to federal court.

Mr. Bevel's Response to FEMA's Motion to Dismiss raises three additional arguments against dismissal. First, he argues that FEMA, as the party responsible for removing this case to federal court, should not be permitted to dismiss the case from federal court. Second, he argues that independent subject matter jurisdiction might exist under 42 U.S.C. § 4072 or 28 U.S.C. § 1332. And third, he argues dismissal would be wasteful because he could refile his case in federal court. (Doc. 21 at 2–4). Regarding the first argument, FEMA is not barred from moving to dismiss the case simply because it removed the case to federal court. While FEMA

could have moved to dismiss the case in state court based on section 4072, it may do so in federal court as well. Regarding the second and third arguments, the possibility of independent subject matter jurisdiction does not allow the Court to have jurisdiction over the case on removal because the derivative jurisdiction doctrine forbids it. *See Lambert Run Coal Co.*, 525 U.S. at 260. Even if the case might have originally been brought in federal court and could be refiled in federal court by Mr. Bevel, the case must still be dismissed because FEMA removed this case to federal court under section *1442. See id.* Congress might have added a provision abrogating derivative jurisdiction to section 1442 as it did to section 1441, but it has not. *See Reynolds*, 988 F.3d at 1321–22. (discussing other circuits' holdings that § 1441(f)'s abrogation of the derivative jurisdiction doctrine applies only to cases removed under that statute). In final analysis, Plaintiff filed the claim in the wrong court. Plaintiff can cure that by complying with federal law, which provides the exclusive jurisdiction for challenges to disallowances under FEMA policies. 42 U.S.C. § 4072. Therefore, this case is **DISMISSED** without prejudice.

## CONCLUSION

Accordingly, it is **ORDERED**:

(1)  Defendant Federal Emergency Management Agency's Motion to Dismiss (Doc. 5) is **GRANTED**.

(2)  Plaintiff's Complaint (Doc. 1-1) is **DISMISSED without prejudice,** subject to any right Plaintiff has to refile the claim in the proper court.

(3)  The Clerk of Court is **DIRECTED** to terminate any pending deadlines, deny any pending motions as moot, and close the file.

**ORDERED** in Tampa, Florida, on November 21, 2025.

*[signature]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE